**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

In re:                                            )
                                                  )
**MEGAN LYNN BROWN CRAMER,**      )         CA No. 09-14939-RGM
                                                  )
    Debtor.                          )         Chapter 7
_____)


**DEBTOR'S CONSOLIDATED OPPOSITION TO
MOTION TO ENLARGE THE TIME IN WHICH TO OBJECT TO THE DEBTOR'S
DISCHARGE AND/OR DETERMINE THE DISCHARGEABILITY OF A DEBT
AND MOTION FOR EXAMINATION UNDER BR 2004**

COMES NOW the debtor, Megan Cramer ("Debtor"), and hereby files her consolidated memorandum in opposition to the Motion to Enlarge the Time in Which to Object to the Debtor's Discharge and/or Determine the Dischargeability of a Debt (Doc. No. 15), and the Motion for Examination Under BR 2004 (Doc. No. 17), filed by creditors Frank E. Brown, Jr. and Wendy E. Brown (the "Creditors" herein).

**Factual Background**

The Creditors are the Debtor's aunt and uncle, who loaned the Debtor and her company, MLBC, LLC (a single member LLC, wholly owned and managed by the Debtor) money to start and operate her bakery business. The Debtor's uncle, creditor Frank E. Brown, Jr., is a sophisticated and experienced businessman who gave the Debtor advice on how to start her bakery business. Unfortunately for all interested parties, the bakery business was not successful.

Thomas M. Dunlap, VSB # 44016
David Ludwig, VSB # 73157
DUNLAP, GRUBB & WEAVER PLLC
199 Liberty Street, SW
Leesburg, Virginia 20175
(703) 777-7319 (Telephone)
(703) 777-3656 (Facsimile)
dludwig@dglegal.com
Counsel for the Debtor

MLBC, LLC filed a Chapter 7 petition on January 23, 2009 (Case No. 09-10520-RGM; the Debtor herein was named in the Order of Designation), the Trustee's report of no distribution was filed on March 6, 2009, and the case was closed on October 1, 2009.

On June 19, 2009, due in large part to personal guarantees on most of the debts of MLBC, LLC and the bakery business, the Debtor herein filed the instant Chapter 7 petition. The Debtor's petition properly listed the Creditors as creditors in this case, with their correct mailing address. On June 24, 2009, the Court mailed to the Creditors a § 341 meeting notice, which indicated that the Meeting of Creditors would be held on July 29, 2009 and that the deadline to file a Complaint objecting to discharge of the Debtor or to determine dischargeability of certain debts was September 28, 2009. *See* Docket No. 5, and Certificate of Service appended thereto.

The Creditors have been aware of the MLBC, LLC and the Debtor's bankruptcies since approximately January or February 2009. On March 5, 2009, creditor Frank E. Brown, Jr., spoke with Kevin McCarthy, who served as Chapter 7 Trustee in the MLBC, LLC bankruptcy about the sale of the assets of the bankruptcy business, which assets the trustee eventually abandoned to Mr. Brown. According to Mr. McCarthy's recollection and notes, Mr. Brown never mentioned any allegations of disappeared assets, as is not being pled "on information and belief" in the pending motions. (Mot. for Enlargement ¶¶ 7, 9; *accord* Mot. for 2004 Exam ¶ 8.)[1]

The Creditors did not appear at the MLBC, LLC meeting of creditors or the Debtor's meeting of creditors, both of which were attended by the Debtor herein. The Creditors made no effort to take a Rule 2004 examination of the Debtor in the MLBC, LLC bankruptcy or in the instant case until the last possible minute. On September 17, 2009—eleven days before the

---

[1] Interestingly, although the tangible business assets were abandoned to Mr. Brown, and Mr. Brown eventually liquidated those assets himself, Mr. Brown has never picked up the keys to the bakery building, and it is unclear how he gained access to the building to retrieve those assets.

deadline to file a Complaint objecting to discharge of the Debtor or to determine dischargeability of certain debts in this matter—the Creditors filed their Motion to Enlarge the Time in Which to Object to the Debtor's Discharge and/or Determine the Dischargeability of a Debt, as well as a Motion for 2004 Examination of the Debtor. (Doc. Nos. 15, 17.)

The Creditors' motion for enlargement and motion for 2004 examination (collectively, the "Creditors' Motions") do not assert any basis or explanation for the Creditors' utter failure—for a period of almost nine months (in light of the corporate and individual bankruptcy cases)—to seek discovery related to their non-dischargeability allegations until eleven days before the deadline for such filings in the second of two related bankruptcy cases. In addition, the Creditors' Motions fail to assert any factual basis for their proposed § 523 and § 727 complaints. The totality of the factual support for these proposed complaints is as follows: "On information and belief, the debtor participated in and/or effectuated the disappearance of [secured assets that remain unaccounted for]" (Mot. for Enlargement ¶¶ 7, 9; *accord* Mot. for 2004 Exam ¶ 8); and "The creditors further wish to investigate facts behind the representations the debtor made to these creditors with respect to inducing them to lend the funds underlying the debt involving the risk undertaken by these creditors" (Mot. for Enlargement ¶¶ 10; *accord* Mot. for 2004 Exam ¶ 9). In light of the parties' personal familial relationship and the Creditors' utter failure to pursue discovery for almost nine months, it defies credulity for the Creditors to claim that they have only recently discovered some fraud or missing assets.

## **Argument**

I.   The Creditors' Motion for Enlargement Should Be Denied Because
     the Creditors Failed to Exercise Due Diligence in Seeking Discovery Prior to the Deadline.

Pursuant to Rules 4004(b) and 4007(c) of the Federal Rules of Bankruptcy Procedure, the deadline for filing complaints objecting to discharge and complaints to determine the

dischargeability of a debt may be extended only for cause. Although neither Rule expressly defines "cause," courts have consistently interpreted "cause" in light of the overarching policies of the Bankruptcy Code.

The discharge is the most important element of a debtor's fresh start. H.R. Rep. No. 95-595, at 128 (1977); *see Local Loan Co. v. Hunt*, 292 U.S. 234, 244-45 (1934) ("One of the primary purposes of the Bankruptcy Act is to 'relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.' . . . The various provisions of the Bankruptcy Act were adopted in the light of that view and are to be construed when reasonably possible in harmony with it so as to effectuate the general purpose and policy of the act." (internal citations omitted)). Debtors have "an interest in prompt resolution of discharge issues, . . . and the law sets a tight time frame for objections." *In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003) (citing *In re Davis*, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996); *accord Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."). Accordingly, courts have consistently construed "cause" in Rules 4004(b) and 4007(c) narrowly in order "to promote the prompt resolution of the case and the implementation of the debtor's 'fresh start.'" *Nowinski*, 291 B.R. at 305 (citing *Greene v. Dombroff (In re Dombroff)*, 192 B.R. 615, 621 (S.D.N.Y. 1996); *In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999); *In re Grillo*, 212 B.R. 862, 866 (Bankr. E.D.N.Y. 1997)).

More specifically, courts have routinely denied extensions under Rules 4004(b) and 4007(c) where creditors have simply failed to exercise due diligence in seeking discovery prior to the deadline for discharge and dischargeability complaints. *Kohl v. Loefgren (In re Loefgren)*, 305 B.R. 288, 290 (W.D. Wis. 2003), *aff'd*, 85 Fed. Appx. 522 (7th Cir. 2003) (denying Rule 4004(b)

motion: "Courts have interpreted 'cause' as meaning that the creditor exercised at least a reasonable degree of due diligence or that there are other unusual circumstances justifying extension" (internal quotation and citation omitted)); *Santana Olmo v. Quinones Riviera (In re Quinones Riviera)*, 184 B.R. 178, 183 (D.P.R. 1995) (denying Rule 4004(b) motion: "when a party has sufficient notice and information to file an objection in time, no extension is appropriate."); *In re Farhid*, 171 B.R. 94, 96 (C.D. Cal. 1994) (denying Rule 4004(b) motion: "The power to extend deadlines for objecting to discharge or nondischageability complaints . . . should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date to file a timely complaint, but was unable to do so."); *Nowinski*, 291 B.R. at 306 (denying Rule 4004(b) motion: "Knowledge of the deadline coupled with the failure to diligently seek discovery is, absent unusual circumstances, fatal to an extension motion."); *In re Woods*, 260 B.R. 41, 44 (Bankr. N.D. Fla. 2001) (denying Rule 4007(c) motion: "A review of cases from around the country shows that a lack of diligent effort by a creditor can be fatal to a creditor's last minute attempt to achieve an extension."); *Grillo*, 212 B.R. at 747 (Bankr. E.D.N.Y. 1997) (denying Rule 4004(b) motion: "The majority view is that there can be no cause justifying an extension of time to object to discharge where the party seeking the extension failed to diligently pursue discovery prior to expiration of the deadline."); *In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996) (denying Rule 4007(c) motion: "When a creditor fails to use diligence in gathering information pertinent and necessary to filing a complaint, the Bankruptcy Court acts within its discretion in denying a motion for an extension of time."); *In re Dekelata*, 149 B.R. 115, 117 (E.D. Mich. 1993) (denying Rule 4007(c) motion where—as here—the motion for extension was filed eleven days before the deadline); *Matter of James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995) (denying motions under Rules 4004(b) and 4007(c): "a creditor must exhibit some minimum degree of due diligence

prior to seeking such an extension"); *In re Littell*, 58 B.R. 937, 938 (Bankr. S.D. Tex. 1986) (denying Rule 4007(c) motion: "Had movants used due diligence, they could have obtained the necessary information for timely preparation of a complaint."); 9 Collier on Bankruptcy §§ 4004.03, 4007.04 (same).

In addition, courts have routinely denied requests for extensions of the deadline for discharge objections and dischargeability complaints where the moving creditor fails to assert any factual basis for their objection or complaint. *Loefgren*, 305 B.R. at 292 ("[creditor] has failed to identify any reason why he believes that [debtor's] debt to him is not dischargeable. . . . no extension is warranted to allow the creditor to engage in nothing more than a 'fishing expedition.'"); *Quinones Riviera*, 184 B.R. at 183 ("By allowing a statement such as ;more discovery is necessary' to provide cause for extension of the deadline imposed by Bankruptcy Rule 4004(a), courts run the risk of authorizing, and lending their imprimatur, legitimizing what in some instances may amount to nothing more than fishing expeditions on the part of creditors."); *Leary*, 185 B.R. at 406 ("the motion gives no indication of any reason to suspect there exist grounds to object to the debtor's discharge. Indeed, this is precisely why the [creditor] wishes to examine the debtor—to conduct what is commonly known as a 'fishing expedition' to determine if such grounds exist."); *James*, 187 B.R. at 397 ("the Court should not allow the motion [for extension] to serve as a license for a baseless 'fishing expedition.'"); *see also Farhid*, 171 B.R. at 97 ("if there is something running around there where the assets are being hidden or anything else, the trustee still has full power to go after those assets, and I am concerned that if the moving party were acting in good faith, the first thing the moving party should have done is contact the trustee and lay all this out for the trustee.").

In the present case, the Creditors had ample opportunity to examine the Debtor to investigate potential grounds for a discharge objection and/or dischargeability complaint. The

Creditors failed to attend either of two § 341 hearings, did not mention the alleged disappearance of assets to the Chapter 7 Trustee, and failed to move for a Rule 2004 examination for almost nine months (in light of the two related cases), sitting on their rights until eleven days before the deadline.  Such failures constitute a more egregious failure to exercise due diligence than the facts of any of the numerous nationwide cases cited herein.  In addition, the Creditors' conclusory and utterly speculative allegations purporting to support a potential discharge objection or dischargeability complaint have no factual basis and reveal the Creditors' motions as seeking nothing more than a baseless and harassing fishing expedition.

WHEREFORE, the Debtor respectfully requests that the Motion to Enlarge the Time in Which to Object to the Debtor's Discharge and/or Determine the Dischargeability of a Debt, filed by Creditors Frank E. Brown, Jr. and Wendy E. Brown, be denied.

II.   The Creditors' Motion for Rule 2004 Examination Should Be Denied Because the Creditors Have Not Demonstrated Sufficient Cause and Because the Creditors Can No Longer File a Discharge Objection or Dischargeability Complaint.

The party seeking to conduct a Rule 2004 examination has the burden of showing good cause for the examination.  *In re Express One Int'l, Inc.*, 217 B.R. 215, 216 (Bankr. E.D. Tex. 1998); *Official Comm. of Unsecured Creditors v. Eagle-Picher Indus. (In re Eagle-Picher Indus.)*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994); *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).  Generally, "good cause is shown if the examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993); *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).  In addition, the moving party must show at least "a significant quantum of evidence, that being more than mere suspicion yet less than that entitling one to a judgment that fraud exists" in

support of a request for Rule 2004 examination. *In re Gross*, 121 B.R. 587, 594 (Bankr. D.S.D. 1990).

In the present case, the Creditors have offered no actual facts or evidence, but only vague, speculative, and conclusory allegations made "on information and belief" in support of their motion for Rule 2004 examination of the Debtor. In addition, the sole stated purpose of the Creditors' motion for Rule 2004 examination is the filing is the potential filing of a discharge objection or dischargeability complaint, which filings are likely time-barred pending the Court's ruling on the motion for enlargement of time in accordance with the overwhelming weight of authority on that issue, as discussed above.

WHEREFORE, the Debtor respectfully requests that the Motion for Examination Under BR 2004, filed by Creditors Frank E. Brown, Jr. and Wendy E. Brown, be <u>denied</u> with prejudice.

Dated this 6th day of October, 2009.

        Respectfully Submitted,

        MEGAN LYNNE BROWN CRAMER,
        By Counsel

        /s/ David Ludwig
        Thomas M. Dunlap, VSB #44016
        David Ludwig, VSB #73157
        DUNLAP, GRUBB & WEAVER, PLLC
        199 Liberty Street, SW
        Leesburg, Virginia 20175
        (703) 777-7319 (Telephone)
        (703) 777-3656 (Facsimile)
        dludwig@dglegal.com
        Counsel for the Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 6th day of October, 2009, I will cause a copy of the foregoing Motion to be mailed to the debtor, United States Trustee, and the creditors and parties in interest, via ECF as registered and via US Mail to the parties on the creditor's matrix.

/s/ David Ludwig
David Ludwig